**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENNIS FLORER,

        Plaintiff - Appellant,

   v.

CHERYL BALES-JOHNSON, Food
Program Manager; et al.,

        Defendants - Appellees.

No. 11-35004

D.C. No. 3:06-cv-05561-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Dennis Florer, a Washington state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging defendants'

provision of meals violated his right to practice his religion and violated his

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Florer's First Amendment free exercise and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims because he failed to raise a genuine dispute of material fact that the defendants' provision of meals had substantially burdened his ability to exercise his religion. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (under RLUIPA, prisoner has the initial burden to demonstrate a prima facie claim that prison policies constitute a substantial burden on the exercise of his religious beliefs); *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (plaintiff must show that defendants burdened the practice of his religion), *abrogated on other grounds as recognized in Shakur*, 514 F.3d at 884-85.

The district court properly granted summary judgment on Florer's retaliation claim because he failed to raise a genuine dispute of material fact as to retaliatory animus. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To show the presence of this element on a motion for summary judgment, [the plaintiff] need only put forth evidence of retaliatory motive, that, taken in the light most favorable to him, presents a genuine issue of material fact as to [defendant's] intent . . . ." (internal citation and quotations omitted)).

The district court properly granted summary judgment on Florer's Eighth Amendment claim because Florer failed to demonstrate a genuine dispute of material fact as to whether defendants deprived him of the "minimal civilized measure of life's necessities," or acted with deliberate indifference towards his health or safety. *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health . . . .").

Florer's remaining contentions are unpersuasive.

**AFFIRMED.**